## In re ORANGEBROOK CONCESSIONS, INC., Debtor.

**Bankruptcy No. 84–00559–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

April 1, 1985.

Patricia A. Redmond, Miami, Fla., for debtor and special counsel to trustee.

Alfred W. Beck, Trustee.

John H. Genovese, Miami, Fla., for City of Hollywood.

Richard N. Friedman, Miami, Fla., for Ben Novack.

ORDER DENYING CITY OF HOLLYWOOD'S MOTION FOR RELIEF FROM STAY TO SET OFF CLAIM AND TO ALLOW CLAIM

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE, coming on to be heard on February 27, 1985, upon a landlord's Renewed Motion for Relief from Stay to Set Off Claim and to Allow Claim, and the Trustee's response requesting turnover of property of the Estate, and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel, and the Court having jurisdiction of the parties and subject matter of this action, and being otherwise fully advised in the premises, does hereby make the following finds of fact and conclusions of law:

The Motion of Landlord, CITY OF HOLLYWOOD (hereinafter "CITY"), seeks relief from the automatic stay pursuant to 11 U.S.C., § 362(a)(7), to set off against $73,-825.00 it is holding pursuant to a Lease Agreement with Debtor, ORANGEBROOK CONCESSIONS, INC. CITY further seeks to have this Court allow its claim pursuant to 11 U.S.C., § 502(b)(6).

The Trustee, ALFRED W. BECK, has responded alleging that the monies held by CITY in the amount of $73,825.00 are property of the Estate and should, accordingly, be turned over to the Trustee.

This matter was heard on February 27, 1985.

The facts presented at the hearing on this matter evidence a landlord/tenant relationship between the parties, pursuant to a Clubhouse Concession Agreement entered into initially between CITY and MR. BEN NOVACK, dated December 15, 1982 (CITY'S Ex. "1"). Said Agreement provided for MR. NOVACK to operate the OR-

(B) property of the estate, after the date of the filing of the petition;

ANGEBROOK Clubhouse under a concession arrangement including the driving range, two half-way houses and the rights to the golfcart rental concession. The term of said Agreement was for a period of five (5) years, commencing approximately December 15, 1982.

The original ORANGEBROOK Clubhouse Concession Agreement of December 15, 1982, was amended on January 5, 1983 (CITY'S Ex. "2"), for the purpose of substituting the corporate entity, ORANGEBROOK CONCESSIONS, INC., in the place and stead of BEN NOVACK, individually.

Pursuant to Paragraph 24 of the original ORANGEBROOK Clubhouse Concession Agreement and the Amendment (CITY'S Ex. "1" and "2"), Concessionaire (ORANGEBROOK) was to pay to CITY an amount equivalent to the first ninety (90) days fee of the first year ($67,537.50) and the last ninety (90) days of the fifth year ($73,825.00), together with other outlined annual fees. Paragraph 24 provides, in pertinent part:

"... the CITY shall be in receipt of the first ninety days of the first year and the last ninety days of the fifth year prior to commencement of this agreement. The prepayment of the last ninety days of the fifth year shall be held as a security deposit during the life of this contract. In the event the second five year extension is approved, then prior to the extension commencing, the CONCESSIONAIRE will have to increase this deposit to match the payment due for the last ninety days of the tenth year. This security shall be held with no interest payable to the CONCESSIONAIRE."

Further, Paragraph 25 of the Concession Agreement provides that ORANGEBROOK CONCESSIONS, the Debtor, shall furnish CITY with a performance bond or irrevocable letter of credit covering "the scope of its activities as specified herein in the amount of One Hundred Thousand Dollars" ($100,000.00).

Subsequent to the execution of the Agreement and its Amendment, ORANGE-BROOK CONCESSIONS, INC., took over possession of the ORANGEBROOK Country Club Concession on or about December 15, 1982. The letter of credit required by Paragraph 25 of the Concession Agreement was issued to the benefit of CITY by PAN AMERICAN BANK, N.A.

On March 28, 1984, ORANGEBROOK CONCESSIONS, INC., filed its Voluntary Petition under Chapter 11 of Title 11, seeking the protection of the Bankruptcy Laws, in order to reorganize. Subsequently, the Debtor, ORANGEBROOK CONCESSIONS, INC., sought to enjoin PAN AMERICAN BANK and CITY from drawing down on the Hundred Thousand Dollar ($100,000.00) letter of credit. This Court entered a Temporary Restraining Order and, in accommodation to the parties, set the matter for trial within ten (10) days.

At the time of trial, the Debtor stipulated with CITY as to their rights to draw down on their security (One Hundred Thousand Dollar letter of credit) to the extent of any and all monetary administrative defaults pursuant to the lease. Additionally, pursuant to that Order, CITY was required to notify the Debtor prior to each draw on the letter of credit.

The parties have stipulated that presently the entire Hundred Thousand Dollars has been exhausted and CITY asserts no administrative claim. The sole issue to be decided by this Court is whether the $73,825.00, presently held by CITY, constitutes pre-paid rent for the last ninety (90) days of the fifth year of the term of the Concession Agreement (CITY'S Ex. "1") and is, accordingly, property of the Estate to be administered by the Trustee for the benefit of all creditors.

CITY relies on § 553 of the Bankruptcy Code, 11 U.S.C., § 553(a), which provides, in pertinent part:

Except as otherwise provided in this Section and in Sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the

case under this title against the claim of such creditor against the debtor that arose before the commencement of the case ...

CITY argues that it is entitled to set off its claim pursuant to 11 U.S.C., § 502(b), in a stipulated amount of in excess of $100,000.00 against the $73,825.00 held by it pursuant to the Concession Agreement (CITY'S Ex. "1").

The Court must initially make a determination concerning the character of the $73,825.00 held by CITY. Paragraph 24 of the ORANGEBROOK Clubhouse Concession Agreement (CITY'S Ex. "1") and the Amendment thereto (CITY'S Ex. "2") clearly defines and characterizes the $73,825.00 held by CITY. Said paragraph provides, in pertinent part, that:

"... the CITY shall be in receipt of the first ninety days of the first year and the last ninety days of the fifth year prior to commencement of this agreement ..."

Paragraph 24 further states that the $73,825.00 of the pre-paid rent of the final ninety days of the term of the five-year lease shall be held as a security deposit. The Court finds, however, that the $73,825.00 held by CITY constitutes pre-paid rent for months fifty-eight, fifty-nine and sixty for the five-year lease term.

The Court bases this determination on the fact that the $73,825.00 would have been used to pay months 58, 59 and 60 pursuant to the Concession Agreement, had the lease been fully consummated, and, further, that upon consummation and termination of the five-year term, ORANGE-BROOK CONCESSIONS, the Debtor, would have been required to deposit with CITY an additional amount of pre-paid rent for the final three (3) months of the five-year option period.

Having determined that the $73,825.00 held by CITY constitutes pre-paid rent for the final three (3) months of the five-year lease term, the Court now turns its attention to the CITY'S assertion that mutuality exists between the $73,825.00 it is holding as pre-paid rent and its claim, pursuant to 11 U.S.C., § 502(b)(6)(A). In the case *sub judice*, the Court finds mutuality existing between the letter of credit placed in effect by the debtor, ORANGEBROOK CONCESSIONS, INC., through PAN AMERICAN BANK, N.A., for the benefit of CITY and the numerous · draws authorized by the Court against the Hundred Thousand Dollars of security.

It is undisputed that the letter of credit was required and placed in effect by OR-ANGEBROOK to insure the Debtor's faithful performance of the terms and conditions of its Concession Agreement (CITY'S Ex. "1") with CITY. Further, the Concession Agreement (CITY'S Ex. "1") provides in Paragraph 24 that ORANGEBROOK CONCESSIONS, INC. (previously BEN NOVACK), shall pay $73,825.00 constituting rent for the last ninety days of the lease term as a security deposit. However, despite the label placed on said funds, the amount is exactly the amount of rent required for the final ninety days of the five-year lease term.

Additionally, had the lease been fully consummated, said monies would not have been held and returned by CITY to the Debtor, but, rather, would have been allocated to months 58, 59 and 60 of the lease term pursuant to the Concession Agreement (CITY'S Ex. "1").

Accordingly, this Court finds that no mutuality existed between the $73,825.00 of pre-paid rent and CITY'S unsecured claim, pursuant to 11 U.S.C., § 502(b)(6)(A). Inasmuch as this Court finds that no basis exists to allow CITY a right of set off against the $73,825.00 for the amount of its stipulated unsecured claim, it is

ORDERED AND ADJUDGED as follows:

1. CITY OF HOLLYWOOD'S Motion for Relief from the Automatic Stay to Set Off Claim and to Allow Claim be and the same is hereby denied.

2. The amount of the claim by CITY OF HOLLYWOOD is allowed as stipulated.

3. CITY OF HOLLYWOOD shall turn over to the Trustee the $73,825.00 which it is holding as pre-paid rent.